**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD SCARANTINO, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| SORL AUTO PARTS, INC., XIAO PING ZHANG, XIAO FENG ZHANG, SHU PING CHI, YU HONG LI, HUI LIN WANG, JIN BAO LIU, JIANG HUA FENG, XIAO LIN, and BING HUA FENG, | ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      On November 29, 2019, SORL Auto Parts, Inc. ("SORL" or the "Company") announced that it had entered into an agreement and plan of merger (the "Merger Agreement") with Ruili International Inc. ("Parent") and Ruili International Merger Sub, Inc. ("Merger Sub"). Parent was formed on behalf of a consortium consisting of Xiao Ping Zhang, the Company's Chairman and Chief Executive Officer ("CEO"), Shu Ping Chi and Xiao Feng Zhang, directors of the Company, and Ruili Group Co., Ltd. ("Ruili Group") (collectively, the "Consortium"). The members of the Consortium other than Ruili Group beneficially own approximately 58.83% of the total outstanding common stock of the Company.

2.      Pursuant to the terms of the Merger Agreement, SORL stockholders will receive $4.72 in cash for each share of SORL common stock they own (the "Proposed Transaction").

3.      On February 11, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SORL common stock.

9.      Defendant SORL is a Delaware corporation and maintains its principal executive offices at No. 2666 Kaifaqu Avenue, Ruian Economic Development District, Ruian City, Zhejiang Province, People's Republic of China.  SORL's common stock is traded on the NASDAQ Global

Select Market under the ticker symbol "SORL."

10.     Defendant Xiao Ping Zhang is CEO and Chairman of the Board of the Company. Xiao Ping Zhang is a co-founder and Chairman of Ruili Group.  He is also the brother of Xiao Feng Zhang, the husband of Shu Ping Chi, and a member of the Consortium.

11.     Defendant Xiao Feng Zhang is a director of the Company.  Xiao Feng Zhang is a co-founder and General Manager of Ruili Group.  He is also the brother of Xiao Ping Zhang and a member of the Consortium.

12.     Defendant Shu Ping Chi is a director of the Company.  Shu Ping Chi holds approximately 5.9% of the outstanding shares of the Company.  Shu Ping Chi is one of the founders and Vice Chairperson of Ruili Group.  She is also the wife of Xiao Ping Zhang and a member of the Consortium.

13.     Defendant Yu Hong Li is a director of the Company.

14.     Defendant Hui Lin Wang is a director of the Company.

15.     Defendant Jin Bao Liu is a director of the Company.

16.     Defendant Jiang Hua Feng is a director of the Company.

17.     Defendant Xiao Lin is a director of the Company and a member of the special committee of the Board (the "Special Committee").

18.     Defendant Bing Hua Feng is a director of the Company and a member of the Special Committee.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of SORL (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable.  As of November 29, 2019, there were approximately 19,304,921 shares of SORL common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27.     Through its 90% ownership of Ruili Group Ruian Auto Parts Co., Ltd., SORL develops, manufactures, and distributes automotive brake systems and other key safety related auto parts to automotive original equipment manufacturers and the related aftermarket both in China and abroad.

28.     On November 29, 2019, SORL's Board caused the Company to enter into the Merger Agreement with Merger Sub and Parent, which was formed on behalf of the Consortium comprised of Individual Defendants Xiao Ping Zhang, Shu Ping Chi, and Xiao Feng Zhang.  The members of the Consortium other than Ruili Group beneficially own approximately 58.83% of the total outstanding common stock of the Company.

29.     Pursuant to the terms of the Merger Agreement, SORL's stockholders will receive $4.72 in cash for each share of Ruili common stock they own.

30.     According to the press release announcing the Proposed Transaction:

SORL Auto Parts, Inc. (NASDAQ: SORL) ("SORL" or the "Company"), a leading manufacturer and distributor of automotive brake systems as well as other key safety-related auto parts in China, today announced that it has entered into an Agreement and Plan of Merger (the "Merger Agreement") with Ruili International Inc. ("Parent"), a Delaware corporation and formed on behalf of a consortium consisting of Mr. Xiao Ping Zhang, the Company's Chairman and Chief Executive Officer, Ms. Shu Ping Chi and Mr. Xiao Feng Zhang, directors of the Company, and Ruili Group Co., Ltd. (collectively, the "Consortium"), and Ruili International Merger Sub Inc. ("Merger Sub"), a Delaware corporation and a wholly-owned subsidiary of Parent.

Pursuant to the Merger Agreement, subject to the satisfaction or waiver of all of the conditions to closing:

● Merger Sub will merge with and into the Company, with the Company will thereafter continue as the surviving corporation and a wholly-owned subsidiary of Parent (the "Merger"); and

● at the effective time of the Merger, each share of common stock of the Company issued and outstanding immediately prior to the effective time will be automatically canceled and converted into the right to receive US$4.72 in cash (the "Merger Consideration"), without interest, except for (i) shares of common stock beneficially owned by members of the Consortium or their affiliates, which will be cancelled for no consideration, and (ii) shares of common stock owned by stockholders who have validly exercised and not effectively withdrawn or lost their rights to dissent from the Merger pursuant to Section 262 of the General Corporation Law of the State of Delaware, which will be cancelled at the effective time of the Merger for the right to receive the fair value of such shares determined in accordance with the provisions of Section 262 of the General Corporation Law of the State of Delaware.

The Merger Consideration of US$4.72 per share of common stock represents approximately a 26.2% premium over the closing price of the Company's common stock as quoted by NASDAQ Global Select Market (the "NASDAQ") on April 24, 2019, the last trading day prior to the date that the Company received a non-binding "going private" proposal from the Consortium. The Merger Consideration also represents an increase of approximately 10.8% over the US$4.26 per share initially offered by members of the Consortium in their initial "going-private" proposal on April 25, 2019 and a premium of approximately 39.2% over the Company's closing price of US$3.39 per share of common stock on November 27, 2019, the last trading day prior to this announcement.

As of the date of the Merger Agreement, the members of the Consortium other than Ruili Group Co., Ltd., beneficially own in the aggregate approximately 58.83% of the total outstanding common stock of the Company and have agreed to vote the shares of common stock beneficially owned by them in favor of the Merger. . . .

The Merger, which is currently expected to close during the second quarter of 2020, is subject to various closing conditions, including the adoption of the Merger Agreement by the Company's stockholders. Pursuant to the Merger Agreement, adoption of the Merger Agreement and the transactions contemplated by the Merger Agreement, including the Merger, by the Company's stockholders requires the affirmative vote of (i) the holders of at least a majority of the Company's outstanding shares of common stock and (ii) the holders of at least a majority of the Company outstanding shares of common stock other than the shares of common stock held by members of the Consortium. The Company will call a meeting of stockholders for the purpose of voting on the adoption of the Merger Agreement and the transactions contemplated by the Merger Agreement as soon as practicable. If completed, the Merger will, under laws of the State of Delaware, result in the Company becoming a privately-held company and the Company Common Stock would no longer be listed on the NASDAQ.

Duff & Phelps, LLC is serving as financial advisor to the Special Committee, and Gibson, Dunn & Crutcher LLP is serving as legal advisor to the Special Committee.

Locke Lord LLP is serving as legal advisor to the Company.

**_The Proxy Statement Omits Material Information, Rendering It False and Misleading_**

31.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32.     As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33.     The Proxy Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

34.     The Proxy Statement fails to disclose whether any parties expressed interest in a potential transaction with SORL between the time of the "2015 Proposal" and the "Proposal."

35.     The Proxy Statement fails to disclose the Consortium's basis for waiting until 2019 to submit the revised Proposal.

36.     The Proxy Statement fails to disclose defendants' basis for appointing Xiao Lin and Bing Hua Feng to the Board on May 20, 2019 in response to the Proposal.

37.     The Proxy Statement fails to disclose defendants' basis for appointing Xiao Lin and Bing Hua Feng to the Special Committee on May 23, 2019, and for not appointing any members of the "2015 Special Committee" – Individual Defendants Yu Hong Li, Hui Lin Wang, Jin Bao Liu, and Jiang Hua Feng – to the Special Committee.

38.     The Proxy Statement fails to disclose the timing and nature of all communications regarding the post-transaction employment and/or directorship of – and rollover agreements with – the Company's officers and directors, including who participated in all such communications.

39.     The Proxy Statement fails to disclose who determined that the members of the Special Committee would receive $14,000 per month, and how such determination was made.

40.     The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

41.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Recommendation of Our Board of Directors and Special Committee; Reasons for Recommending the Adoption of the Merger Agreement; Fairness of the Merger.

42.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## <u>COUNT I</u>

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SORL

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SORL is liable as the issuer of these statements.

45.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of SORL within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of SORL and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 13, 2020                          **RIGRODSKY & LONG, P.A.**

                                        By:   */s/ Gina M. Serra*
                                                Seth D. Rigrodsky (#3147)
                                                Brian D. Long (#4347)
                                                Gina M. Serra (#5387)
**OF COUNSEL:**                                 300 Delaware Avenue, Suite 1220
                                                Wilmington, DE 19801
**RM LAW, P.C.**                                Telephone: (302) 295-5310
Richard A. Maniskas                             Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300                 Email: sdr@rl-legal.com
Berwyn, PA 19312                                Email: bdl@rl-legal.com
Telephone: (484) 324-6800                       Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                          *Attorneys for Plaintiff*